UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COOLERIDGE BELL BEY,

                        Plaintiff,

            -against-

SURROGATE'S COURT, NEW YORK, NEW
YORK, et al.,

                        Defendants.

1:21-CV-3797 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Cooleridge Bell Bey, who appears *pro se*, filed this action in which he sues:

(1) the New York State Surrogate's Court, New York County; (2) Savoy Park/Pro Folio, LLC

Apartments Management; (3) Donna L. Denton, Esq., of Gutman, Mintz Baker & Sonnenfedt;

and (4) the United States District Court for the Southern District of New York. He seeks

unspecified relief.

By order dated July 29, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court

dismisses this action as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges the following:

This Quasi Courts And ADMINISTRATORS So-Called JUDGES and Clerks have a Constitutional psychological inferiority complex Avoidance To operate Law It's open for quite some years of numerous complaints towards The management team/and Owner's SAVOY PARK Corp. and Legal Development about Shoddy work; neglect of repairs etc. And numerous affidavit of truth to the Federal courts or quasi-court as it has been proven. To No prevail no dates to be heard and Adjudicated. All constitutional treaties have been violated; Not argued . . . back by numerous complaints and proofs of affidavits sent by certified mail and walked in papers handed in an accepted by various Clerks. So being and Part of the Moorish National Republican form of Government. . . . A Republican form of Government does Not include a Military Dictatorship. Article I section 8 subsections 5: prove Indicative to act on: which I stand for and by. moved to an available apartment in the development; which is vacant like so many are, with repairs. Which is essentially needed to Live life with functional Appliances and up-to-date amenities. Which Cooleridge Bell Bey and uncle (Deceased) FRED JOHNSON yearned. Unfortunately waited until his Untimely death to see no paradise in this form Living conditions. . . .

(ECF 1, at 1.)

Plaintiff also alleges:

This New particular apartment has been Neglected and 60-61 with 142 Street apartment 5J New York, New York [10037] abandoned since January 2021; used at times by Maintenance wokers as a hang-out or Café/Cafeteria while eating their

lunch during lunchtime or other work hours too entertainment. The Tenant moved out by way of Mid size truck on and about Wednesday about 4pm. Several times I walked in turn the knob and sat down and relaxed and even cleaned-up. Left behind trash. At Times admire the work that was Administered. And to know my uncle had his apartment for over thirty years. An Appropriate overhaul hasn't been high on their (SAVOY) agenda. Just refurbish fridge stove air conditioner etc. So I made it my business every so often in Turning the knob it's been open. So by entering this place of peace And serenity With great fixtures my mind and body begins to Accept the serenity aura of change. . . .

(*Id.* at 1-2.)

And in the "closing" portion of his complaint, Plaintiff states:

I['m] not going to give up the fight for Justice; and so many Americans sold their souls for a ransom fee. The cowards that they are falling for this government when it plainly stated The UNITED STATES OF AMERICA aka USA is a CORPORATION. It s hasn't been a Government since 1861 when the government went out to lunch "CINE DIE" and returned Ten years later 10 yrs with 1871 the Secret Act Bard CORPORATION.

(*Id.* at 4.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's factual allegations present no basis for a legally viable claim. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend his complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

3

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 17, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge